Reversed and remanded for further proceedings consistent with this opinion.

HEDDY LEVINE, CLAIMANT-APPELLANT, v. UNIVERSAL FURNITURE INDUSTRIES AND BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, RESPONDENTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 11, 1977—Decided January 24, 1977.

Before Judges HALPERN, BOTTER and DAVIDSON.

*Mr. Melville D. Miller, Jr.* (Middlesex County Legal Services Corporation), attorney for appellant (*Mr. Alfred Donnarumma* on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent Board of Review (*Mr. Michael S. Bokar,* Deputy Attorney General, of counsel; *Mr. Jeffrey P. Blumstein,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

BOTTER, J. A. D. Claimant appeals from a decision of the Board of Review denying her unemployment compensation benefits. She had worked full-time as an inspector for Universal Furniture Industries from July 1, 1974 to August 30, 1974. In September she returned to college and from September 2, 1974 to October 18, 1974, when she was terminated, she worked part-time for the same employer. Claimant worked 16 weeks in all, nine weeks full-time and seven weeks part-time, and had earned $1,414.57. She continued to seek employment for 20 hours a week.

A part-time worker is eligible for employment compensation if "during a substantial portion of his base year" he or she has been performing less than full-time work. *N. J. S. A.* 43:21–20.1. Base year is defined in *N. J. S. A.* 43:21–19(c) and base week in *N. J. S. A.* 43:21–19(t). The Board of Review took the position that a "substantial portion" of the 52-week base year must be 17 or more weeks of part-time employment since a full-time worker at that time needed 17 weeks of full-time employment in his base year to qualify for benefits. *N. J. S. A.* 43:21–4(e). It is suggested that this has been the administrative interpretation of long standing and as such should be accorded great weight. *Loveladies Property Owners Ass'n v. Raab,* 137 *N. J. Super.* 179, 184 (App. Div. 1975); *Snedecker v. Board of Review,* 139 *N. J. Super.* 394, 402 (App. Div. 1976).

The sponsor's statement which accompanied the bill that became *N. J. S. A.* 43:21–20.1 stated it would provide benefits to part-time workers who have contributed to the Unemployment Compensation Fund by providing "the same treatment to all claimants who have 'good cause' for limit-

ing their availability to part-time employment during a benefit year." The purpose was to give part-time workers substantially the same opportunity for benefits as full-time workers enjoy, provided there is good cause for limiting employment to parttime work.

At the time appellant sought unemployment compensation, full-time workers could qualify for benefits if they had worked 17 base weeks in the base year *or* earned $1,350.00. *N. J. S. A.* 43:21–4(e).[1]

Accordingly, we conclude that a claimant with seven weeks of part-time employment and nine weeks of full-time employment, who had earned as much as a full-time worker needed at the time to qualify for benefits (regardless of the number of weeks worked), has satisfied the requirements of *N. J. S. A.* 43:21–20.1 and is eligible for benefits. The intention of the Legislature will be fulfilled by interpreting the phrase "during a substantial portion of his base year" to allow the part-time worker to qualify for benefits when that worker has earned in the base year as much as a full-time worker must earn to qualify for benefits. In our view appellant satisfied the statutory criteria and was entitled to unemployment compensation when she was laid off and could not find a new part-time job.

Reversed and remanded for the entry of an award in the appropriate amount.

---

[1] These requirements were increased to 20 base weeks or $2,200 in earnings by amendment effective January 1, 1975. *L.* 1974, *c.* 86, § 2, p. 393.